UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HENRY BROOMFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3172 |
| | ) | |
| MARLENE FREY, TIM YOUNG, | ) | |
| RODNEY YOSWIG, CHARLES | ) | |
| COX, ROBERT FLECK, and | ) | |
| JUDGE LEO ZAPPA, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Dixon Correctional Center, pursues claims arising from his warrantless arrest and subsequent detention in 1999. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a

1

prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

According to Plaintiff, he was arrested without a warrant on September 8, 1999 and charged with first degree murder.  Plaintiff contends that 725 ILCS 5/111-2(d) required a court-ordered warrant to authorize his arrest.  A preliminary hearing was held 15 days after Plaintiff's arrest pursuant to 725 ILCS 5/109-3.1, in which Judge Zappa ruled that probable cause supported the prosecution.  The Assistant

State's Attorney, Defendant Frey, allegedly withheld unidentified exculpatory evidence at this hearing. Judge Zappa allegedly failed to sign off on the mittimus, as purportedly required by 735 ILCS 5/2-1801.

## ANALYSIS

State law violations do not, by themselves, violate federal law. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit."). In order to state a federal claim, Plaintiff's factual allegations must plausibly suggest that a federal right was violated.

Plaintiff's allegations that the prosecuting attorney, Defendant Frey, engaged in misconduct at the preliminary hearing cannot proceed because Frey is protected by prosecutorial immunity. See Burns v. Reed, 500 U.S. 478, 488 (1991)(prosecutors shielded by immunity for presenting false testimony in probable cause hearing); Spiegel v. Rabinovitz, 121 F.3d 251, 256-57 (7th Cir. 1997)(prosecutor immune from claims that he intentionally overlooked witnesses and exculpatory evidence in bringing charges). Similarly, Judge Zappa is protected by

absolute immunity for his rulings.  Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)( "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.").  Plaintiff alleges that Judge Zappa lacked subject matter jurisdiction, but no facts support that conclusion or suggest that Judge Zappa "acted in the absence of all jurisdiction."  If Plaintiff is trying to challenge his conviction, the only federal route that might be available to him is a habeas corpus action, not an action for damages.  See Heck v. Humphrey, 512 U.S. 477, 484-487 (1994).

To the extent Plaintiff is challenging his warrantless arrest, he offers no facts to support a plausible inference that he was arrested without probable cause.  His Complaint is silent on whether probable cause existed, and a document attached to his Complaint titled Sangamon County Sheriff's Department Field Booking and Probable Cause Statement states that Plaintiff was arrested based on eyewitness identifications, which would meet the probable cause requirement.  (Probable Cause Statement attached to Complaint, d/e 1, p. 8.)  In any

event, even if Plaintiff could add allegations to state a claim, the claim is clearly barred by the two year statute of limitations. Draper v. Martin, 664 F.3d 1110, 1113 (7th Cir. 2011)("In Illinois, the statute of limitations period for § 1983 claims is two years, . . . ."); Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002)("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). Plaintiff's arrest occurred more than twelve years ago.

    Plaintiff also seems to be alleging that the statute governing preliminary hearings, 725 ILCS 5/109-3.1, violates his constitutional right to a prompt probable cause hearing. Lopez v. City of Chicago, 464 F.3d 711, 719 (7th Cir. 2006)("[P]ersons arrested without a warrant must receive a judicial determination of probable cause within 48 hours.")(citing County of Riverside v. McLaughlin, 500 U.S. 44 (1991)). However, the docket attached to his Complaint reflects that he was brought before Judge Mehlick on September 10, 1999, two days after he

was arrested, when bond was set and counsel was appointed. (Criminal Felony Docket, 1999 CF 000907, attached to Complaint); 725 ILCS 5/109.1 (preliminary examination requires an arrestee to be taken before a judge "without unnecessary delay"). Further, a notation on the Probable Cause Statement states "9/9/99 PC found 11:15 a.m. $1,000,000." In any event, a claim arising from a delay in a judicial determination of probable cause would clearly be barred by the two year statute of limitations.

IT IS THEREFORE ORDERED:

    1) The merit review scheduled for August 20, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

    2) Plaintiff's claims are dismissed for failure to state a claim, as barred by the statute of limitations, and/or as barred by judicial and prosecutorial immunity. This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

    3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of

Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: 08/15/2012

FOR THE COURT:

                                        s/ SUE E. MYERSCOUGH
                                        SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE